IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

| | |
|---|---|
| FALYN BRUCE, | ) |
| Plaintiff, | ) |
| v. | ) No. 12-cv-3198 |
| DEREK GUERNSEY, | ) |
| Defendant. | ) |

## OPINION

TOM SCHANZLE-HASKINS, U.S. MAGISTRATE JUDGE:

This matter comes before the Court on the parties' Motions in Limine. Defendant Derek Guernsey filed his First Motion in Limine (d/e 104) (Motion 104), Second Motion in Limine (d/e 105) (Motion 105), Third Motion in Limine (d/e 106) (Motion 106), Fourth Motion in Limine (d/e 107) (Motion 107), Fifth Motion in Limine (d/e 108) (Motion 108), and Sixth Motion in Limine (d/e 109) (Motion 109). Plaintiff Falyn Bruce filed her First Motion in Limine (d/e 116) (Motion 116) and Second Motion in Limine (d/e 117) (Motion 117). The parties have consented to proceed before this Court. Notice, Consent, and Reference of a Civil Action to a Magistrate Judge and Reference Order entered November 30, 2017 (d/e 112).

Plaintiff Bruce has no objection to Guernsey's Motions 104, 105, 106, 107, and 109. These Motions are allowed. Bruce opposes Motion 108,

and Guernsey opposes Motion 116 and 117. For the reasons stated below Motion 108 is allowed in part, and Motions 116 and 117 are denied.

I.      Motion 108, Defendant's Fifth Motion in Limine

Guernsey asks the Court in Motion 108 to bar Bruce's attorney from indicating to the jury that (1) Guernsey might present certain evidence at trial, or (2) that Guernsey has the burden of proof.[1] Guernsey argues that he has no burden to present any evidence at trial until Bruce makes out a prima facie case. Therefore, Bruce should not be allowed to give the jury the impression that Guernsey has the burden to present any evidence in his opening statement or otherwise until he makes out a prima facie case and withstands a motion for directed verdict.

Bruce's attorney agrees that he may not indicate to the jury that Guernsey has a burden of proof on any issue before Bruce successfully makes out a prima facie case. This portion of Motion 108 is allowed. Bruce's attorney, however, may present to the jury a roadmap of the evidence that he reasonably believes the jury is likely to hear, including evidence that Guernsey is likely to present. See Jordan v. Binns, 712 F.3d

---

[1] Motion 108 has a third paragraph numbered as if it were a third item for the motion. The paragraph, however, sets forth Defendant's argument for the Motion, not a third item of evidence to be barred in limine.

1123, 1134 (7th Cir. 2013).² Moreover, the Court will instruct the jury that opening statements and closing arguments are not evidence. The Court will also instruct the jury on the burden of proof. The Court will not bar in limine Bruce's attorney from mentioning evidence that Guernsey may present in the trial. Guernsey's counsel may object at trial to any comment by Bruce's counsel that she believes is improper, and the Court will address such matters then. Motion 108 is ALLOWED in part and DENIED in part as stated above.

II.     Motion 116, Plaintiff's First Motion in Limine

Bruce asks the Court to bar Guernsey from presenting evidence pertaining to the "collective knowledge doctrine"³ until after Guernsey has testified and established what information he actually knew at the time of Bruce's alleged seizure. The Court denies the Motion.

The question of whether Guernsey seized Bruce is a contested issue of fact. At summary judgment, Bruce and her father testified that Guernsey seized her without cause and compelled her go with him to St. John's Hospital (St. John's) in Springfield, Illinois as a suicide risk even though

---

² Unlike a criminal case, this civil proceeding does not implicate rights against self-incrimination and presumptions of innocence. See e.g., Pattern Criminal Jury Instructions of the Seventh Circuit (2012 ed.), Pattern Instruction 1.03 (presumption of innocence and burden of proof), and Pattern Instruction 2.05 (defendant's failure to testify or present evidence). The jury will decide civil liability, not criminal guilt.
³ Motion 116 mistakenly refers to the "collective action doctrine. See Motion 116, at 4. The Plaintiff is discussing the collective knowledge doctrine referred to in United States v. Williams, 627 F.3d 247, 252 (7th Cir. 2010).

Guernsey had no basis to believe Bruce was at such risk. Guernsey testified that Bruce's father stated that he would take Bruce to St. John's, but Bruce argued with her father and refused to go with her father. Guernsey testified that Bruce's father eventually told Guernsey to take her and left the scene. According to Guernsey, Bruce voluntarily went with him to St. John's. See Report and Recommendation entered November 27, 2017 (d/e 110) (R&R), at 17-20.

The testimony from Bruce's classmates, school employees, and other officers may be relevant to the jury's evaluation of the parties' conflicting version of events. The deposition testimony of the classmates and school employees presented at summary judgment contradicted some of the deposition testimony by Bruce, Bruce's father, and some officers. See R&R, at 5-16. The conflicting testimony may aid the jury in deciding which version of the events is more likely true than not.

In addition, Guernsey may present evidence of information that other officers learned about Bruce. If Guernsey seized Bruce, he may try to prove that he properly based his actions on information learned by other officers under the collective knowledge doctrine. The collective knowledge doctrine states that the collective knowledge of other officers is imputed to the officer whose actions are challenged. The doctrine applies if (1) the

officer acted in objective reliance on the information received from other officers; (2) the other officers had information supporting the level of suspicion required under the circumstances; and (3) the officer's actions were no more intrusive than would have been permissible for the other officers who gleaned the information. See United States v. Williams, 627 F.3d 247, 252 (7th Cir. 2010). Guernsey only had to know that one of his fellow officers told him to take Bruce to St. John's. He did not need to know the basis of that instruction as long as the other officer or officers had an adequate basis. The other officers with whom Guernsey worked on this matter needed sufficient information to justify the seizure, if any seizure occurred.

Guernsey may present the evidence of the other officers' knowledge, his relationship, and his communications with the other officers to prove the elements of the collective knowledge doctrine. Based on the summary judgment submissions, the other officers may testify that they learned that Bruce was a suicide risk from Bruce's father, her classmates, and school employees. See R&R, at 8-16. Guernsey, therefore, may present this evidence to establish his claim that he was entitled to base his actions on the collective knowledge doctrine.

The Court will not require Guernsey to present evidence on the collective knowledge doctrine in a particular order. At summary judgment, Guernsey testified that the police dispatcher and/or other officers indicated that Bruce was a suicide risk and to take Bruce to St. John's. See R&R, at 8-9, 19. That is sufficient for Guernsey to establish the required knowledge under the collective knowledge doctrine. Bruce will not be prejudiced if Guernsey presents evidence regarding the other elements of the collective knowledge doctrine before he testifies on these points. Motion 116 is DENIED.

III.  Motion 117, Plaintiff's Second Motion in Limine

Bruce asks the Court to bar Guernsey from presenting any evidence or argument suggesting that Guernsey's alleged seizure of Bruce was justified by the subsequent opinions of the physicians at St. John's. Guernsey agrees that he may not present these subsequent opinions for this purpose.

The Court, however, will not bar the evidence in limine because the evidence may be relevant for other purposes. Bruce concedes in her Motion that medical opinion evidence may be relevant to damages. Motion 117, at 1. The Court has not bifurcated the trial of liability and damages.

Guernsey can present this evidence for this purpose at least.[4]  Should this evidence be admitted for a limited purpose, the Court would entertain a request for an appropriate limiting instruction.  Motion 117 is DENIED.

THEREFORE, IT IS ORDERED THAT Defendant Derek Guernsey's First Motion in Limine (d/e 104), Second Motion in Limine (d/e 105), Third Motion in Limine (d/e 106), Fourth Motion in Limine (d/e 107), and Sixth Motion in Limine (d/e 109) are ALLOWED.  Defendant Guernsey's Fifth Motion in Limine (d/e 108) is ALLOWED in part and DENIED in part.  Bruce's counsel may not indicate to the jury that Guernsey has a burden of proof or a burden to present evidence before Bruce has presented evidence sufficient to establish a prima facie case. Motion 108 is otherwise DENIED.  Plaintiff Falyn Bruce's First Motion in Limine (d/e 116), and Plaintiff Bruce's Second Motion in Limine (d/e 117) are DENIED.

ENTER:  May 14, 2018

*s/ Tom Schanzle-Haskins*<br>TOM SCHANZLE-HASKINS<br>UNITED STATES MAGISTRATE JUDGE

---

[4] The Court does not decide whether factual or opinion evidence from St. John's personnel might be relevant and admissible for other purposes.  If such evidence is relevant for other limited purposes, the Court will again entertain a request for an appropriate limiting instruction.